Lyons v. Townsend.

## NEW YORK CIRCUIT.

NOVEMBER, 1847.

### Before EDMONDS, Justice.

---

### LYONS v. TOWNSEND.

When the application of an alleged libel to one of two persons is a question for the jury.

When language, that would otherwise be libelous, is privileged and not actionable without proof of express malice.

When the words are used in the performance of a duty, the assertion of a right, or the vindication of an interest, they are privileged, and express malice alone can make them actionable.

THIS was an action for a libel, brought against the proprietor of the New York Express.

The plaintiff was one of the branch pilots of the port of New York, and was attached to a pilot boat which had, on a Saturday, boarded the packet ship Liberty, from Liverpool, far out to sea, and had put a pilot on board. The ship was the bearer of very important news from Europe, greatly affecting the money market, and the plaintiff entreated the captain of the Liberty to permit him to have the news for the Herald, so that with it his boat might run into some harbor on the outside of Long Island, and, by posting across the country, have that paper ready to give the news to the public several hours in advance of the arrival of the ship. The captain refused to do that, unless the plaintiff would take the dispatches for all the daily papers in town and distribute them all as soon as he should arrive.

The plaintiff finally agreed to that, and received all the dispatches. By making all haste by land and water, he arrived in town early Sunday morning and immediately delivered to the Herald its dispatches, and then returned to

his own home, up town, where he changed his clothes and took his breakfast, and, leisurely, about noon, went down to the post-office, and, entering it the back way, he left the dispatches for the other papers on a table, without informing any one what they contained. They were found on that table late on Sunday by one of the clerks in the post-office, and distributed to the respective papers early on Monday morning.

In the meantime, and on Sunday afternoon, the Herald published all the news in an extra, and was the only paper that did contain them, until the issue of Monday.

On learning these facts, the defendant's paper commented with severity on the conduct of the pilot, without mentioning his name, and for those comments this action was brought.

*Edmonds, J.,* in charging the jury, said there were three points for their consideration:

*First.* Which pilot was meant by the article in the Express? That one which remained on board the ship and piloted her into the harbor, or him who, taking the dispatches, had immediately proceeded to the land? That was purely a question of fact for the jury to determine.

*Second.* Was the charge a privileged one? The rule is, that wherever a person speaks in the performance of any duty, legal or moral, public or private, or in assertion of his own rights, or to vindicate and protect his own interest, no action will lie against him, unless express malice be proved, however untrue what is said may be. In this case there had been no attempt to prove express malice, and if the jury believed that the defendant's language was used in the assertion of a right, or to vindicate or protect his interest, or in the performance of a duty, the plaintiff could not recover.

*Third.* If the jury did not conclude that the charge was privileged, then they would inquire if the defendant had not justified it by proving it true. The charge was, that, in violation of his own promise and of the confidence reposed in him by the master of the ship, he had not delivered all the dispatches immediately on his arrival in town, and it was for the

jury to find out, if they could, why he could not have delivered all the dispatches as early as he had delivered one of them.

There was a verdict for the defendant.